**EMPRESAS CABLEVISIÓN, S.A.B. de C.V., Plaintiff–Appellee,**

v.

**JPMORGAN CHASE BANK, N.A. and J.P. Morgan Securities, Inc., Defendants–Appellants.**

No. 10–794.

United States Court of Appeals, Second Circuit.

June 23, 2010.

D. Scott Wise, Davis Polk & Wardwell LLP (Amelia T.R. Starr, Sheldon L. Pol-

lock, of counsel), New York, NY, for Appellants.

Stephen R. Neuwirth, Quinn Emanuel Urquhart & Sullivan (Daniel P. Cunningham, Sanford I. Weisburst, & Judd R. Spray, of counsel), New York, NY, for Appellee.

PRESENT: WILFRED FEINBERG, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan Securities, Inc. ("JPMorgan") appeal from an order of the United States District Court for the Southern District of New York granting the motion of plaintiff Empresas Cablevisión, S.A.B. de C.V. ("Cablevisión") for a preliminary injunction. For substantially the reasons articulated by the district court, we find no abuse of discretion in its issuance of a preliminary injunction in this case.

Preliminary injunctions are, however, required to be "narrowly tailored to fit specific legal violations and to avoid unnecessary burdens on lawful commercial activity." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 119 (2d Cir. 2009) (internal quotation marks omitted). We conclude that the injunction as issued by the district court fails that test insofar as it impairs the ability of JPMorgan to take actions apparently unrelated to the potential irreparable injury to Cablevisión. It enjoins JPMorgan from "proceeding with the Participation Agreement." *Empresas Cablevisión, S.A.B. de C.V. v. JPMorgan Chase Bank, N.A.*, 680 F.Supp.2d 625, 633 (S.D.N.Y.2010). But Inbursa and JPMorgan have already completed a transfer of a 90 percent interest in the loan to Inbursa for which payment has been made. We do not understand how the injunction intends, under such circumstances, for JPMorgan to stop "proceeding" with the agreement. Neither do we see how any such freeze placed on the purely financial aspects of the transaction would threaten the interests that Cablevisión asserts are in danger of being irreparably harmed.

For the foregoing reasons, the order of the district court entering a preliminary injunction is hereby AFFIRMED but the district court is ORDERED to review and modify as necessary the injunction to require JPMorgan to comply with the implied covenant of good faith and fair dealing by prohibiting, pending trial, only the exercise of any right under any provision of the Participation Agreement that might either tend to give Inbursa or its affiliates a competitive advantage over Cablevisión, or to put Cablevisión at a competitive disadvantage vis-á-vis Inbursa or its affiliates, such as, but not limited to, the provisions that provide for access to Cablevisión's confidential information or the provisions that potentially give Inbursa the power to precipitate a default and convert its participation into an assignment.

Any further appeal with respect to the preliminary injunction in this case shall be referred to this panel.